KLEANTHOUS v FIRST OF CHELSEA CORPORATION

Docket No. 125240. Submitted August 3, 1993, at Grand Rapids. Decided September 7, 1993, at 10:10 A.M.

Costas Kleanthous brought an action in the Washtenaw Circuit Court against First of Chelsea Corporation, seeking payment of interest and principal of two demand notes made by the defendant. The parties had originally agreed in 1980 to a rate of interest of eighteen percent a year. In 1983, they agreed to reduce the interest rate to fifteen percent a year. The defendant raised usury as a defense and moved for summary disposition. The court, William F. Ager, Jr., J., granted the motion, ruling that the plaintiff was entitled to no further payments because the total of the interest already paid exceeded the principal. The plaintiff appealed.

The Court of Appeals *held:*

MCL 450.1275; MSA 21.200(275) provides that a corporation may agree in writing to pay a rate of interest in excess of the legal rate and that usury is unavailable as a defense to a corporation that so agrees. MCL 438.61; MSA 19.15(71), effective March 31, 1983, made it lawful to charge business entities, including corporations, interest at rates not exceeding fifteen percent a year. The two statutes are not in conflict. The latter statute does not diminish the authority of corporations under the former statute to agree to pay interest in excess of the legal limit, and it does not affect the prohibition under the former statute against raising usury as a defense by corporations that agree to pay interest at rates exceeding the legal rate.

Reversed and remanded.

INTEREST — CORPORATIONS — USURY.

A corporation may agree in writing to pay on a debt a rate of interest that exceeds the legal rate; a corporation that so agrees may not raise usury as a defense to an action for collection (MCL 438.61, 450.1275; MSA 19.15[71], 21.200[275]).

REFERENCES

Am Jur 2d, Interest and Usury §§ 256-270.

See ALR Index under Interest on Money; Usury.

*Keusch & Flintoft, P.C.* (by *Peter C. Flintoft*), for the plaintiff.

*Laird, Chin & Schwartz* (by *John R. Laird*), for the defendant.

Before: FITZGERALD, P.J., and CONNOR and TAYLOR, JJ.

CONNOR, J. Plaintiff appeals as of right from the trial court's judgment entered after a series of rulings on motions for summary disposition. We reverse and remand for further proceedings.

At issue on appeal are the interest rates in two demand notes defendant made in 1980. In the notes, defendant promised to pay eighteen percent interest a year on a total of $95,000 in principal. There is no dispute that plaintiff is the holder of the notes to whom any principal and interest owed would be payable.

Plaintiff filed this action in 1988. He alleges that in 1985 the parties agreed to reduce the interest rate on the 1980 notes to fifteen percent. His complaint sought payment of interest owed on the notes and return of the principal lent.

Defendant raised a defense of usury. In a series of rulings on motions for summary disposition, the trial court decided that the notes were usurious, and, therefore, defendant owed no interest on the notes. Because the amount of interest paid on the notes had already exceeded the principal, the trial court held that plaintiff was not entitled to return of the principal.

MCL 450.1275; MSA 21.200(275) provides that a corporation may agree in writing to pay a rate of interest in excess of the legal rate and that the defense of usury is prohibited. MCL 438.61; MSA 19.15(71), effective March 31, 1983, made it lawful

to charge business entities, including corporations, interest at rates not exceeding fifteen percent a year.

These statutes are not in conflict. One sets the legal interest rate at fifteen percent for a wide class of business entities. The other states that a particular class of business entities, corporations, can agree to pay interest at rates higher than the legal rate and they will be barred from raising usury as a defense. Changing the legal interest rate applicable to business entities from seven percent to fifteen percent did nothing to diminish the authority corporations have to agree to pay interest in excess of the legal limit and did nothing to diminish the prohibition on corporations from raising the defense of usury if they have agreed to pay interest in excess of the legal limit.

We find that defendant is bound to pay the interest rate promised in writing and cannot raise the defense of usury. The judgment of the trial court on the two notes made in 1980 is reversed, and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.